**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**TRENT LOTT and TRICIA LOTT**                                                          **PLAINTIFFS**

**V.**                                                        **CIVIL ACTION NO.1:05CV671 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY, ET AL.**               **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Court has before it Defendant State Farm Fire and Casualty Company's (State Farm) motion to dismiss the complaint under F.R.Civ.P. 12(b). For the reasons set out below, this motion will be denied.

This is an action for property damage sustained during Hurricane Katrina. Plaintiffs Trent and Tricia Lott (the Lotts) owned a residence at 801 Beach Boulevard, Pascagoula, Mississippi. This property was insured under a State Farm homeowners policy (policy number 24-E1-1823-3) that was in effect at the time of the storm. This policy insured against windstorm damage, but not against water damage, as defined in the policy.

The insured property was severely damaged in the storm. The complaint alleges that the damage was caused by "hurricane wind, rain, and/or storm surge from Hurricane Katrina."

Defendants contend that the plaintiffs have failed to state a claim upon which relief can be granted, and they seek dismissal of plaintiffs' claims for injunctive and declaratory relief, specific performance of the insurance contract, indemnity, and certain equitable remedies. Many of the issues raised in the defendant's motion have been resolved in principle by rulings I have made since this motion was filed. See: *Teupker v. State Farm Fire & Casualty Company*, 1:05CV559 LTS-RHW. These rulings have established that the water damage exclusion in the State Farm homeowners policy is valid and enforceable; that the anti-concurrent cause provisions of the policy are ambiguous and unenforceable with respect to damage not within the water damage exclusion, i.e. with respect to wind damage; and that State Farm has the burden of proof with respect to the water damage exclusion.

In accordance with my earlier rulings, this action is not subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiffs have asserted a number of legal theories in support of their right of recovery. At this juncture, in deciding State Farm's motion to dismiss, I must accept as true all of the allegations of the complaint, and I must decide whether the Lotts could prove any set of facts that would establish their right of recovery. *Conley v. Gibson*, 355 U.S. 41 (1957). Under this standard, I find that the motion to dismiss must be denied.

As I read and appreciate the coverage provisions of this policy, water damage attributable to the storm surge flooding during Hurricane Katrina is excluded from coverage, and wind damage that occurred during Hurricane Katrina is covered under the policy. In accordance with well-established principles of Mississippi law, it is the question of causation that will determine whether any particular loss is covered by the policy or not. *Grace v. Lititz Mutual Insurance Co.* 257 So.2d 217 (Miss.1972); *Lititz Mutual Insurance Co. v. Boatner*, 254 So.2d 765 (Miss.1971).

An appropriate order will be entered.

**DECIDED** this 19th day of September, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge